**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

**HASSAN FRANK FAYZ,**

                                CIVIL CASE NO: 05-71626
                                CRIMINAL CASE NO: 03-81103
          **Petitioner**,     HONORABLE VICTORIA A. ROBERTS

       **v.**

**UNITED STATES OF AMERICA**

       **Respondent.**

**OPINION AND ORDER DENYING**
**PETITIONER'S MOTION TO VACATE SENTENCE**
**PURSUANT TO 28 U.S.C. § 2255**

**I.     INTRODUCTION**

This Motion is before the Court on Petitioner's Motion to Vacate Sentence Pursuant to 28 U.S.C. §2255. The Court **DENIES** Petitioner's Motion.

**II.    BACKGROUND**

Petitioner Hassan Frank Fayz was charged in a one count indictment with bank fraud, in violation of 18 U.S.C. § 1344. On April 6, 2004, Defendant entered into a Rule 11 Plea Agreement which recommended a sentence between twelve (12) and eighteen (18) months. Fayz admitted to embezzling approximately $176,000.00 from escrow accounts maintained by his employer; he forged endorsements on customer checks and deposited the funds into his personal account.

1

On February 15, 2005, the Court sentenced Defendant to twelve months in prison, supervised release of 36 months and payment of the remaining restitution amount of $118,328.77.  There was no request made that the District Court consider a sentence of one year and one day.

**III.    STANDARD OF REVIEW**

28 U.S.C. §2255 permits a court to afford relief "upon the ground that the sentence was imposed in violation of the Constitution of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack.  To prevail on a §2255 motion alleging constitutional error, the petitioner must establish an error of constitutional magnitude which had a substantial and injurious effect or influence on the proceedings." *Lane v. United States*, 65 F.Supp.2d 587 (E.D.Mich. 1999) (citing *Watson v. United States*, 165 F.3d 486, 488 (6th Cir. 1999)) (citing *Brecht v. Abrahamson*, 507 U.S. 619, 637-638 (1993)).  However, where the §2255 motion alleges a non-constitutional error, petitioner must establish a "fundamental defect which inherently results in a complete miscarriage of justice,' or, an error so egregious that it amounts to a violation of due process." *Id*.  (quoting *United States v. Ferguson*, 918 F.2d 627, 630 (6th Cir. 1990)) (citing *Hill v. United States*, 368 U.S. 424, 428 (1962)); accord *Grant v. United States*, 72 F.3d 503, 506 (6th Cir.), *cert. denied*, 517 U.S. 1200 (1996).

**IV.    APPLICABLE LAW AND ANALYSIS**

Petitioner argues that he has suffered prejudice because his counsel did not ask the court for an imprisonment term of twelve months and one day. The Court imposed a twelve month sentence. Petitioner's current 12 month sentence does not allow the Bureau of Prisons to consider releasing Petitioner early for good behavior.

Both parties agree that to establish ineffective assistance of counsel Petitioner must meet the two-prong test announced in *Strickland v. Washington*, 466 U.S. 668 (1984). First, Petitioner must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed by the Sixth Amendment." Second, the defendant must show that this deficient performance was prejudicial, to the extent that there is a reasonable probability that "but for counsel's errors," the result would have been different. *Id.,* at 694. A "reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.,* at 694. Attorneys are entitled to a strong presumption of competence. *Strickland*, 466 U.S. at 689. Although the Supreme Court has never expressly extended *Strickland* to noncapital sentencing cases, the federal circuit courts, including the Sixth Circuit, have applied it in that context. *United States v. Stevens*, 851 F.2d 140, 145 (CA6, 1988).

The court finds that Petitioner has not met either prong of the *Strickland* test. First, Petitioner has not affirmatively shown that counsel's failure to request the additional day amounted to inadequate performance. "The performance inquiry must be whether counsel's assistance was reasonable considering all the circumstances." *Strickland*, 466 U.S. at 688. Mr. Harrison worked diligently to persuade the Court that his client should not be incarcerated. He made every effort to convince the court that a sentence of probation - or home confinement or

3

commitment to a community corrections center - was an appropriate sentence for Petitioner. Alternatively, he requested the lowest possible sentence under the advisory guideline range.

Petitioner relies on *Arredondo v. United States*, 178 F3d 778 (CA6, 1999) where the Sixth Circuit reviewed a claim of ineffective assistance of counsel at sentencing on a petition for habeas corpus relief under 28 U.S.C. §2255. The Court reversed a district court's denial of a habeas corpus motion and remanded for re-sentencing. In *Arrendondo*, counsel failed to object to findings in the pre-sentence report and adopted by the district court that the defendant was responsible for an inaccurate amount of narcotics. The Sixth Circuit concluded "[a] failure to investigate, participate in, and prepare for the sentencing proceedings fails to satisfy an objective standard of reasonable representation and therefore falls below Sixth Amendment standards for effective assistance of counsel." *Id*. at 788.

The facts of *Arredondo* are distinguishable from the facts of this case. Petitioner does not allege that Mr. Harrison failed to investigate or participate in the sentencing proceedings. Petitioner attempts to draw an analogy between counsel's lack of preparation in the sentencing proceedings in *Arredondo* and Mr. Harris' alleged lack of preparation here. The comparison fails. Mr. Harrison thoroughly prepared for the sentencing hearing. He filed five briefs in connection with the sentencing and diligently argued for a sentence of no imprisonment.

Furthermore, Petitioner has not shown that "but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694. While Mr. Harrison requested a sentence of probation or a split sentence, he also made a request in the alternative for a sentence "to as limited a period of incarceration as the Court will permit." (Defendant's Sentencing Memorandum of September 3, 2004, p. 5). The Court had discretion to

4

sentence Petitioner according to a guideline range of 12 to 18 months.  The Court was well aware of its option to sentence Petitioner to twelve months and a day and chose not to.  Fayz has not shown that there is a "reasonable probability" that he would have received a sentence of a year and a day if that request had been made.

## V. CONCLUSION

The Court **DENIES** Petitioner's Motion To Vacate Pursuant to 28 U.S.C. §2255 based on Ineffective Assistance of Counsel.

**IT IS SO ORDERED.**

S/VICTORIA A. ROBERTS
VICTORIA A. ROBERTS
UNITED STATES DISTRICT JUDGE

DATED:  JULY 13, 2005

THE UNDERSIGNED CERTIFIES THAT A COPY OF THIS DOCUMENT WAS SERVED ON THE ATTORNEYS OF RECORD BY ELECTRONIC MEANS OR U.S. MAIL ON JULY 13, 2005.

S/CAROL A. PINEGAR
DEPUTY CLERK